**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAUSTEVEION DELANO JOHNSON, | No. 20-17280 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-00232-MMD-NJK |
| v. | |
| JAMES DZURENDA; et al., | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| SOUTHERN DESERT CORRECTIONAL CENTER; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted November 18, 2021
San Francisco, California

Before: PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants James Dzurenda, Brian Williams, and James Cox appeal from the district court's denial of their motion for summary judgment on plaintiff Lausteveion Johnson's Eighth Amendment claims under 42 U.S.C. § 1983. (The district court granted summary judgment to defendants on the only claim naming defendant Michaela Garufalo.) Defendants argue that the district court erred in denying their motion because they are entitled to qualified immunity on each of Johnson's claims. We affirm.

**1.** In their motion for summary judgment, defendants did not assert qualified immunity as a defense to Johnson's claim alleging that the fire safety system at the Southern Desert Correctional Center (SDCC) is constitutionally deficient. Defendants have raised that argument for the first time in their opening brief on appeal. We see no basis for excusing defendants' failure to assert qualified immunity as a defense below, and accordingly adhere to our general rule that issues not raised in the district court "will not be considered for the first time on appeal." *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014).

**2.** In the district court, defendants raised qualified immunity as a defense to Johnson's claim alleging constitutionally inadequate dental care for the first time in their reply brief, and for that reason the court declined to address it. The court did not disturb this forfeiture ruling when it denied defendants' motion for

reconsideration. Defendants do not clearly challenge this forfeiture ruling on appeal, so any argument that it was an abuse of discretion is itself waived. *See Tobias v. Arteaga*, 996 F.3d 571, 581 n.7 (9th Cir. 2021) (quoting *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009) ("Because this argument was not raised clearly and distinctly in the opening brief, it has been waived.")).

3. The district court properly denied defendants' request for qualified immunity on Johnson's claim regarding his assignment to a top bunk. Viewed in the light most favorable to Johnson, the record indicates that he repeatedly notified defendants that his assignment to a top bunk without a ladder was causing him excruciating pain due to his pre-existing knee and back conditions. At the time in question, the law was clearly established that a prison official who displays deliberate indifference to an inmate's serious pain or medical needs violates the Eighth Amendment. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Defendants argue that as high-level administrators they should not be held responsible for Johnson's bed assignment, but "a prison administrator can be liable for deliberate indifference to a prisoner's medical needs if he knowingly fails to respond to an inmate's requests for help." *Peralta v. Dillard*, 744 F.3d 1076, 1085–86 (9th Cir. 2014) (en banc) (cleaned up).

4. The district court properly denied defendants' request for qualified immunity on Johnson's conditions of confinement claim regarding overcrowding

and unsafe conditions at SDCC. During the relevant time frame, the law was clearly established that overcrowding can violate the Eighth Amendment when it "is combined with other factors such as violence or inadequate staffing." *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989). Johnson's verified complaint alleges that the overcrowding at SDCC led to regular fights and assaults that were not addressed by guards due to inadequate staffing. The complaint also indicates that he relayed his concerns about these conditions multiple times to defendants, and that they took no action in response. We have repeatedly held that a prison official's knowledge of unconstitutional conditions of confinement, coupled with inaction, can suffice to show deliberate indifference under the Eighth Amendment. *See, e.g.*, *Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011).

In support of their motion for summary judgment, defendants did not offer any evidence contesting Johnson's allegations concerning the conditions of confinement. They instead argued that Johnson had not alleged that he was directly harmed by the prison's conditions. However, the Eighth Amendment is violated when an inmate is incarcerated under conditions that pose "a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Johnson's purported lack of injury may be relevant to the question of damages, but it does not relieve defendants of their constitutional obligations. On the record as it now stands, a reasonable trier of fact could conclude that defendants' failure to respond

to Johnson's complaints constituted deliberate indifference and therefore violated the Eighth Amendment.

**AFFIRMED.**